```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

TOMMY PASTER                                    CIVIL ACTION

      Plaintiff,

                                                              NO: 14-2114

VERSUS

INGRAM BARGE COMPANY                            SECTION: R(1)

      Defendant.

### **ORDER**

Before the Court is defendant Ingram Barge Company's motion in limine to exclude the expert testimony of Robert Borison.[1] The Court denies the motion because it finds that Borison's expert testimony will assist the jury in resolving the instant dispute.

### I.   Background

Plaintiff Tommy Paster alleges that he was injured while working as a deckhand aboard the M/V O.A. FRANKS, a vessel owned and operated by defendant.[2] According to plaintiff, he felt a "twinge" in his back while lifting equipment from a tugboat up to the deck of an adjacent barge.[3] More specifically, plaintiff alleges that he was standing on the edge of the barge and used a

---

[1] R. Doc. 17.

[2] R. Doc. 1.

[3] R. Doc. 17-3 at 2-3.

three- to four-foot pole with a hook attached to grab equipment from the deck of a tugboat located several feet below him. Once he had the equipment hooked, plaintiff would pull the equipment up several feet to the deck of the barge.[4] Plaintiff states that he was able to finish his duties that day, but awoke the following day with pain radiating from his back down his leg.[5] Plaintiff filed suit against defendant alleging that the unseaworthiness of the M/V O.A. FRANKS and that defendant's negligence caused his injuries.[6]

In support of his claim, plaintiff offers the expert report of Robert Borison, which purports to "describe[] the accident that occurred aboard a tow of the M/V Capt. O.A. FRANKS . . . and presents findings on factors that may have contributed to the injuries sustained."[7] Borison opines that three "problems" with defendant's workplace safety practices caused plaintiff's injuries. First, Borison opines that an "equipment/manpower problem" contributed to plaintiff's injury:

> **EQUIPMENT/MANPOWER PROBLEM** Heavy and awkward equipment and material should only be moved and lifted by mechanical means or with sufficient help.
>
> **MISSING EQUIPMENT OR LACK OF MANPOWER**: The position Mr. Paster was forced to be in while lifting this equipment, placed him in an unsafe lifting position. To lift and

---

[4] *Id.* at 3-4.

[5] *Id.* at 6.

[6] R. Doc. 1. at 3.

[7] R. Doc. 17-2 at 2.

pull the wire up the 8 to 10 feet, from the deck of the tow boat to the deck of the barge, Mr. Paster was forced to position his feet near the edge of the barge, with his hands in front of his face, lifting the hook's pole and wire hand over hand. This position is an unsafe lifting position because it forces the worker to lift the weight from the waist to the shoulder position, and requires an unusual amount of strain on a worker's back and shoulders.[8]

Second, Borison identifies a "management problem" that allegedly contributed to plaintiff's accident:

> **MANAGEMENT PROBLEM:** A competent safety professional should have evaluated the various lifting tasks that Ingram Marine's workers were required to make. The evaluation of the potential lifts should include the object's weight, its typical hand locations at the beginning and ending of the lift, the presence of proper hand couplings, its relative size and shape configuration, and the typical distance the object will be moved both vertically and horizontally.
>
> **JOB/SITE/TASK/OBJECT EVALUATION:** In this particular case, Ingram's Safety Department should have addressed the need for moving heavy equipment to and from different levels/locations using manual material handling techniques vs. mechanical means. A determination should have been made for each object as to whether this object should be moved only by mechanical methods or whether it can be moved safely manually. If it is determined that it can be moved manually, then the next question arises relative to how many workers will be required to manually move the object. Unless no mechanical means are present, or capable of being installed, or the object's weight is reasonably light, then and only then should manual methods be considered. For those inexperienced safety professionals, the NIOSH LIFTING GUIDELINE, ABS Guidelines, ASTM F 1166, etc were developed to assist in those determinations . . . .[9]

---

[8] *Id.* at 5.

[9] *Id.* at 6.

Finally, Borison opines that defendant failed to adequately train plaintiff on proper lifting techniques:

> **MANAGEMENT PROBLEM:** Once the objects, equipment, tools, etc. are identified for manual material lifting, specific training must be provided to the workers to address any unique procedure associated with the lift, as well as general lifting procedures.
>
> **LACK OF TRAINING:** As shown below, Ingram's Orientation Manual does show several examples of workers lifting safely and unsafely, but Mr. Paster stated during our interview, that he was never trained how to manually lift and move equipment from one level to another safely. As the tasks of moving equipment and material from the tow boats to the deck barges would be considered common place in this industry, it only stands to reason that Ingram's hands-on training would have included these necessary tasks.[10]

Taken together, Borison's expert testimony seeks to establish that (1) plaintiff's work assignment required him to assume an unsafe lifting position, thereby causing his injury, (2) a reasonably competent safety professional would have assigned more manpower or mechanical power to assist plaintiff with the lift, and (3) defendant failed to adequately train plaintiff on proper lifting techniques under the circumstances.

Defendant moves to exclude all three of Borison's expert opinions arguing that they are based on insufficient facts, are misleading, and will not be helpful to the jury.[11]

---

[10] *Id.*

[11] R. Doc. 17-1 at 1.

**II.  Legal Standard**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702.  According to the Advisory Committee Notes to Fed. R. Evid. 702, "[w]hether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier."  The Fifth Circuit has recognized that expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge."  *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).  In other words, the Court must ensure "that the proffered expert bring to the jury more than the lawyers can offer in argument."  *In re Aircraft Disaster at New Orleans, Louisiana*, 795 F.2d 1230, 1233 (5th Cir. 1986).  "There is no more a certain test for determining when experts may be used than the commonsense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute."  Fed. R. Evid. 702, Advisory Committee Note.

**III. Discussion**

Borison claims to be an expert in the area of marine and offshore safety, and in the interpretation and application of the relevant regulations and standards, with approximately thirty years of experience in the field.[12] Defendant does not challenge Borison's credentials. Instead, defendant argues that all three of Borison's opinions are within the scope of the jury's common experience and are thus unhelpful. Defendant also argues that Borison's opinions are misleading because Borison employs "negligent-sounding section titles" in his report and then fails to provide sufficient facts to support his conclusion that defendant failed to live up to the applicable standard of care.[13]

As an initial matter, the Court finds that Borison's proposed testimony is not within the scope of a layman's common experience. Contrary to the defendant's assertions, Borison's testimony is not simply that "someone should not lift something that is too big or too awkward for them to handle."[14] Instead, Borison evaluates the specific posture plaintiff allegedly assumed, and opines that defendant failed to provide the necessary manpower or mechanical assistance to allow plaintiff to make the lift safely. Borison is undoubtedly more familiar with the tools plaintiff was using, the

---

[12] R. Doc. 17-2 at 2.

[13] R. Doc. 22 at 1.

[14] R. Doc. 17-1 at 4.

equipment plaintiff was lifting, and the safety risks associated with working on barges than the average layperson. Moreover, as an instructor "in the proper method of manual material handling," Borison is qualified to opine about the appropriate or customary level of training in the maritime industry.[15] Accordingly, the Court finds that Borison's experience and specialized knowledge regarding maritime safety and industry custom will assist the trier of fact in determining whether defendant's conduct fell beneath the applicable standard of care in this case. *See Roy v. Fla. Mar. Transporters, Inc.*, Civ. A. No. 03-1195, 2004 WL 551208, at *4 (E.D. La. Mar. 18, 2004) (admitting Borison's expert testimony because "[t]he Court finds that testimony on industry safety standards that govern work from elevated platforms may assist the Court in this matter"); *McMullen v. BP Exploration & Prod.*, Civ. A. No. 12-1206, 2013 WL 2556032, at *7 (E.D. La. June 10, 2013) ("While a jury may be familiar with slippery surfaces and the safety of moving heavy equipment, issues of ergonomic and biomechanic safety are far less intuitive and are based on more technical information."); *McDowell v. Atl. Sounding Co., Inc.*, Civ. A. No. 11-1879, 2012 WL 1656262, at *2 (E.D. La. May 10, 2012) ("Neither the safe operation of a pneumatic impact wrench . . . nor the safety issues or industry standards implicated by an operation like the one undertaken by plaintiff are 'common sense' issues with

---

[15] R. Doc. 17-2 at 2.

7

which the Court is readily familiar, and Mr. Borison's specialized knowledge and experience in the area of marine safety will help shed light on these issues."). Defendant's challenge on this ground rings especially hollow because defendant offers an expert on the same issues.[16]

The Court also rejects defendant's argument that Borison's opinions are misleading or factually deficient. Defendant argues that Borison "creates negligent-sounding section titles that imply Ingram did something wrong, and then declines to identify how Ingram actually merited his condemnation or discusses something entirely different . . . ."[17] Borison's section titles are not evidence. Thus, defendant's argument exalts form over substance and erroneously focuses on Borison's section headings and type-face rather than on the content of Borison's report. As stated above, Borison opines that defendant caused plaintiff to assume an unsafe lifting position, failed to allocate sufficient resources to allow plaintiff to make the lift safely, and failed to adequately train plaintiff. Although the Court agrees that Borison's report is not the model of clarity, defendant's cavils about Borison's headings do not render Borison's underlying opinions inadmissible. Moreover, Borison states that he bases his opinions on an interview with plaintiff, defendant's records, and thirty years of experience

---

[16] *See* R. Doc. 18 at 6.

[17] R. Doc. 22 at 1.

in the industry.[18] To the extent defendant disputes the underlying facts or disagrees with Borison's interpretation of those facts, defendant may cross-examine Borison at trial. *Primrose Operation Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.") (quoting *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore, Cnty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 2004)).

## IV. Conclusion

For the foregoing reasons, defendant's motion to exclude the expert testimony of Robert Borison is DENIED.

New Orleans, Louisiana, this  12th day of June, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[18] R. Doc. 17-2 at 2-3.